*Arnold & Arnold,* for appellant.

*Shaver, Shaver & Williams, Louis Josephs* and *Will Steel,* for appellee.

McHANEY, J. Appellant is a resident of the State of Louisiana. He owns a cotton gin in Miller county, Arkansas, known as the Valley Gin which he operates through a foreman and other employees. This was a modern gin, operated by an oil engine, with four gin stands in line, with a line shaft running through them which operated the saws and all other moving parts, with pulleys, belts, rolls, seed auger connected to each gin stand in plain view of the operator. He employed appellee, an elderly man, with more than 50 years' experience in the operation of cotton gins, as foreman and ginner for the 1938 ginning season. He began working about August 3, 1938, and on August 31, while attempting, with a cotton stick, to unclog cotton that had become impacted in the ribs of the 3rd gin stand, running from left to right, the stick was caught in the revolving saws which jerked or pulled his hand in con-

tact therewith and cut off some of the fingers of his hand. He brought this action to recover damages for said injury. The negligence alleged was that the clutch was defective in that it did not entirely disengage itself from the inside of the pulley on which it worked when the lever that manipulated it was pushed back for that purpose. He had thus moved the lever of the clutch for the purpose of stopping the gins before undertaking to remove the cotton from the ribs of the 3rd gin stand and had consumed a minute and a half or two minutes of time in walking from the clutch lever past the first and second gin stands, to the work bench where he procured the cotton stick and to the middle of the third gin stand, and assumed that the machinery had stopped, because, as he says, he had given it sufficient time to stop, before inserting the stick under the breast of the gin to remove the clogged lint. The gin machinery was ball bearing and made little noise in operating. Appellant's answer was a general denial with pleas of contributory negligence and assumption of risk. Trial resulted in a verdict and judgment against appellant for $2,950, from which is this appeal.

We think the trial court erred in refusing to direct a verdict for appellant at his request. For the purpose of this opinion we assume that the clutch was defective in that the new lining in it which appellant had installed some five or six days before the accident, at appellee's request, because it did not hold and would slip, was too thick and would cause the clutch to drag when released, still he cannot recover because of his own negligence in inserting his hand blindly in close proximity to the saws without looking to see if they were in motion and because he assumed the risk of so doing. It must be remembered that he was the foreman of this gin, in complete charge of·its operation, and was a man of more than fifty years' experience with gins and ginning machinery. He had warned another employee not to attempt to unclog a gin while it was running. Yet he, himself, after having released the clutch to stop the gins, deliberately inserted his hand under the breast of the gin while it was still in motion, with-

out taking the slightest precaution to see if it was running, after releasing the clutch, and without looking underneath to see what he was doing. In going from the end of the clutch lever to the third gin stand, he had to pass two gin stands, both equipped with numerous pulleys, belts and machinery, located on the outside of the stands, as were all the others, with all of it in motion. There was also a seed trough under the front end of all the gins to catch the seed as the cotton was ginned and in this trough there was a revolving auger-like instrumentality that pushed the seed out at the lower end. This seed auger was revolving and was right in front of him. The slightest attention on his part would have shown him that his effort to release the clutch had not been successful because the pulleys and belts between the stands were running and that the seed auger was revolving. He knew that if these parts of the machinery were running, the saws were bound to be also, for they were all driven off the same line shaft. He either knew they were in operation and undertook to remove the clogged cotton regardless of that fact, or else he didn't look to see what was perfectly open and obvious. In either event there can be no recovery, as in the first instance he assumed the risk, and in the second, he was guilty of contributory negligence which barred his recovery.

In some respects this case is very much like that of *Togo Gin Co.* v. *Hite,* 190 Ark. 454, 79 S. W. 2d 262, where Hite was injured in a similar manner as was appellee here. There a defective clutch was involved and a promise to repair. Here the defective clutch was repaired less than a week before the accident and no further complaint was made. A judgment for Hite was reversed and dismissed because he assumed the risk of undertaking to clean out the clogged cotton from the ribs of the gin while the machinery was in motion. Here, it must be held that appellee's failure to see that the machinery was in motion was the result of his own inattention, for had he looked, had he given the matter the slightest attention, he was bound to have seen the

moving parts and to have known the saws were in motion also.

The judgment will be reversed, and the cause dismissed.

Opinion delivered December 16, 1940.